### GLIDDEN & JOY VARNISH CO. v. WM. F. JOY.

1. **LIABILITY FOR MALICIOUS ATTACHMENT IS NOT DEBT FRAUDLENTLY INCURRED.**
   A liability for malicious attachment, as where a creditor of a firm attached property of a corporation of the same name, knowing it was not the debtor, is not an obligation fraudulently incurred, though morally wrong.

2. **NOTES DUE TO EXECUTOR AND TRUSTEE CANNOT BE ATTACHED FOR PERSONAL DEBT.**
   Notes due to an executor and trustee as such are not subject to attachment for his personal debt, though he is a distributee of the estate and his share would exceed the amount garnisheed.

ERROR to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J.

This action was commenced in the court of common pleas against Wm. F. Joy for malicious prosecution. William F. Joy has been a member of the partnership of the Glidden & Joy Varnish Co. In due time the property of the Glidden & Joy Varnish Co. was transferred from the partnership to a corporation of the same name. Some differences arose between the others interested and

William F. Joy. Mr. Joy commenced an action in Boston against the corporation, attaching its property, and it is said his action was fraudulent in this, to-wit: that he had an old contract with the partnership firm of the Glidden & Joy Varnish Co., and undertook to use that contract as if it was with the corporation, the Glidden & Joy Varnish Co. The end was the Boston action was decided in its favor; and the property, which had been attached, was released, so that if that action was malicious and without probable cause, the Glidden & Joy Varnish Co., having obtained a judgment, had an action in malicious prosecution against William F. Joy.

It brought in the court of common pleas that action of malicious prosecution, and that is the action that is before us.

I have stated what I have of the previous case because that was the history claimed to bear upon the question brought before us.

In this action in the court of common pleas, the Glidden & Joy Varnish Co. obtained an attachment against William F. Joy, under the ninth clause of sec. 5521, which reads: "Has fraudulently or criminally contracted the debt, or incurred the obligation for which suit is about to be or has been brought."

The attachment was issued and served upon a garnishee, the Savings & Trust Co., holding in its hands certain notes that had been given by the Glidden & Joy Varnish Co., the corporation, to William F. Joy, the trustee. A motion was made to dissolve the attachment in the court of common pleas, and that motion was granted. To that action of the court of common pleas in dissolving the attachment, a writ of error is taken by the plaintiff in error to this court. It is claimed that the attachment against that property was improper for two reasons. In the first place, it is said that that was not the property of William F. Joy, but was the property of William F. Joy as executor and trustee. It is argued strenuously by plaintiff that William F. Joy, who was executor and trustee of his father's estate under the surrogate court of Boston, was also one of the heirs, devisees and legatees of the estate; that there was a certain amount of property undistributed; that the amount of property to which he would be entitled upon distribution was greater than the amount of property which was held by the Savings & Trust Co. here, and that therefore it ought to be considered that he had such an interest in this property, which was found in the hands of the Savings & Trust Co., that it could be held to answer the exigencies of this suit.

We do not think so. That was property which belonged to him as executor of that estate which he was to account for in the surrogate court in Boston, and distribute under its direction, and not otherwise. The fact that on a final distribution he might be entitled to property which might equal in value this that was here, does not so make this property his that it can be reached by process against him individually.

A further question fairly arises in this case, and has been discussed before us, and in the court of common pleas. That is, whether this cause of action is such that an attachment may be at all obtained upon the ground upon which it was obtained. Now, in one sense, any moral wrong is a fraud. It is quite evident that the statute which provides for attachments does not contemplate that everything which may be morally wrong, and which in a high moral sense may be fraud, is to be sufficient legal ground for an attachment.

After a careful consideration, we are of the opinion that an action brought for malicious prosecution as this was, is not an obligation which is fraudulently incurred within the meaning of this sub-sec. 9 of statute 5521, and the decision of the court of common pleas is affirmed.

*L. A. Russell*, for plaintiff in error.

*Ong & Hamilton*, for defendant in error.